**UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ROLANDO CARBAJAL,** | : | **Civil No. 1:12-CV-2389** |
| | : | |
| **Plaintiff** | : | |
| | : | **(Judge Jones)** |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| | : | |
| **ERIKA FENSTERMAKER, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

**REPORT AND RECOMMENDATION**

**I. Statement of Facts and of the Case**

The plaintiff is a federal prisoner housed in the United States Penitentiary, Canaan. Liberally construed, in his complaint, the plaintiff brings a Bivens[1] constitutional tort action against a single prison official, Erika Fenstermaker, a grievance coordinator at the prison alleging that the defendant violated his constitutional right under the Eighth Amendment to be free from cruel and unusual punishment. (Doc. 1.) The complaint also recites that the plaintiff is endeavoring to bring an action against both Fenstermaker and the United States of America pursuant

[1] Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).

to the Federal Tort Claims Act ("FTCA") 28 U.S.C. § 2401, *et seq*. and 28 U.S.C. § 2675, *et seq*.

The plaintiff's *pro se* complaint recites that, on June 25, 2011, the prison served inmates chicken fajitas. (Doc. 1.) According to the plaintiff, the chicken was bad, and was tainted with salmonella bacteria. (Id.) Consequently, the plaintiff contracted food poisoning, and suffered excruciating pain and symptoms which included headaches, diarrhea, abdominal pains, nausea, chills, vomiting, inability to eat and profuse sweating.(Id.) Alleging negligence and deliberate indifference on behalf of the defendant prison officials in the preparation and service of this food, the plaintiffs seek damages from these individual defendants. While couched both as a Bivens constitutional tort action and as an action brought under the Federal Tort Claims Act, 28 U.S.C. § 2675, *et seq.*, the plaintiff's complaint does not allege any actions taken by the individual defendant named in this pleading, Ms. Fenstermaker, that contributed to this food poisoning and it appears that her sole role in these events was to process an administrative tort claim submitted by the plaintiff after this episode took place.

Along with this complaint, the plaintiff has filed a motion for leave to proceed *in forma pauperis.* (Doc. 2.) For the reasons set forth below, we will grant this motion for leave to proceed *in forma pauperis,* (Docs. 3), but as part of our legally mandated

screening process for *pro se, in forma pauperis* complaints we recommend that the claims set forth against the individual defendant be dismissed.

## II. Discussion

### A. Screening of *Pro Se* Prisoner Complaints–Standard of Review

This Court has a statutory obligation to conduct a preliminary review of *pro se* complaints filed by prisoners who seek leave to proceed *in forma pauperis* which seek redress against government officials. Specifically, we are obliged to review the complaint pursuant to 28 U.S.C. § 1915A which provides, in pertinent part:

> **(a) Screening**. - The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> **(b) Grounds for dismissal**. - On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

Under Section 1915A, the Court must assess whether a *pro se* complaint "fails to state a claim upon which relief may be granted." This statutory text mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides

that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

With respect to this benchmark standard for legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) continuing with our opinion in Phillips [v. County of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008)]and culminating recently with the Supreme Court's decision in Ashcroft v. Iqbal –U.S.–, 129 S.Ct. 1937 (2009) pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

Fowler v. UPMC Shadyside, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the Court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn from the complaint are to be construed in the light most favorable to the plaintiff. Jordan v. Fox Rothschild, O'Brien & Frankel, Inc., 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Additionally a court need not "assume that a ... plaintiff can prove facts that the ... plaintiff has not

alleged." Associated Gen. Contractors of Cal. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983). As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), in order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." Id. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." Id. In keeping with the principles of Twombly, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678. Rather, in conducting a review of the adequacy of complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 679.

Thus, following Twombly and Iqbal a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. As the United States Court of Appeals for the Third Circuit has stated:

> [A]fter Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

Fowler, 578 F.3d at 210-11.

In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis: "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Iqbal, 129 S.Ct. at 1947. Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Id. at 1950. Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.' Id." Santiago v. Warminster Tp., 629 F.3d 121, 130 (3d Cir. 2010).

In addition to these pleading rules, a civil complaint must comply with the requirements of Rule 8(a) of the Federal Rule of Civil Procedure which defines what a complaint should say and provides that:

> (a) A pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a *pro se* plaintiff's complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action.

### B. <u>The Claims in The Complaint Against The Individual Defendant Must be Dismissed</u>

#### 1. <u>FTCA Claims May Not Be Brought Against Individuals</u>

In this case, the plaintiff has cast his complaint as both a <u>Bivens</u> constitutional tort action and as a lawsuit brought under the Federal Tort Claims Act, 28 U.S.C. § 2675, *et seq.* While the plaintiff may bring an FTCA action against the United States, to the extent that the plaintiff wishes to bring a Federal Tort Claims Act action in this lawsuit it is clear that he may not maintain that action against the individual federal official currently named in this complaint.

Bivens constitutional tort actions and Federal Tort Claims Act lawsuits have very different requirements in terms of the parties that may properly be named as defendants. With respect to inmate claims made under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2401, *et seq*. and 28 U.S.C. § 2675, *et seq*., as a threshold matter, "[t]he FTCA allows federal inmates to sue the United States for injuries sustained while incarcerated. 28 U.S.C. § 2674." Moshier v. United States, No. 05-180, 2007 WL 1703536, * 9 (W.D. Pa. June 11, 2007); Baker v. United States, No. 05-146, 2006 WL 1946877, * 4 (W.D. Pa. July 11, 2006). In this regard, "[t]he FTCA 'was designed primarily to remove the sovereign immunity of the United States from suits in tort, with certain specific exceptions, to render the Government liable in tort as a private individual would be under like circumstances.'" Sosa v. Alvarez-Machain, 542 U.S. 692, 700 (2004) (quoting Richards v. United States, 369 U.S. 1, 6 (1962)); CNA v. United States, 535 F.3d 132, 138 (3d Cir. 2008). Federal district courts have jurisdiction over civil actions against the United States for damages "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under the circumstance where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). A person is permitted to sue under the FTCA to recover damages from the United States for personal injuries that

he suffered during confinement in a federal prison that resulted from the negligence of a government employee. See Rinaldi v. United States, No. 1:09-CV-1700, 2010 U.S. Dist. LEXIS 66024, at *11 (M.D. Pa. July 1, 2010) (Rambo, J.) (citing United States v. Muniz, 374 U.S. 150 (1963)).

However, due to the exclusive nature of the remedy available under the FTCA, and its jurisdictional prerequisites, a court may not entertain a civil suit for a claim cognizable under 28 U.S.C. § 1346(b) against "any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 2679(b)(1); see also Meyer, 510 U.S. at 476. As the United States Court of Appeals recently observed in affirming the dismissal of individual defendants from an inmate FTCA action: "The only proper defendant in an FTCA suit is the United States itself. See 28 U.S.C. § 2671 et seq. The FTCA waives the United States' sovereign immunity for claims arising out of torts committed by federal employees 'under circumstances where ... a private person ... would be liable' under applicable state tort law. See 28 U.S.C. § 1346(b)(1)." Feaster v. Federal Bureau of Prisons, 366 F. App'x 322, 323 (3d Cir. 2010). Therefore, when inmates bring actions against individual government officers for negligence under the FTCA the proper course to follow is to substitute the United States for these individual defendants and dismiss the individual defendants. Id.

In contrast to FTCA actions, which must be brought against the United States, Bivens constitutional tort lawsuits can only be lodged against individual government officials. Indeed, it is well-settled that Bivens actions against the United States – and, by extension, against federal agencies or officials sued in their official capacity – are barred by sovereign immunity, absent an explicit waiver of that immunity. FDIC v. Meyer, 510 U.S. 471, 483 (1994); Huberty v. United States Ambassador to Costa Rica, 316 F. App'x 120 (3d Cir. Aug. 21, 2008); Douglas v. United States, 285 F. App'x 955 (3d Cir. 2008); Jaffee v. United States, 592 F.2d 712, 717 (3d Cir. 1979); Bell v. Rossott, 227 F. Supp. 2d 315, 320 (M.D. Pa. 2002) (dismissing claim against individual federal defendants sued in their official capacity because the claims are essentially made against the United States). Therefore, a Bivens action cannot be brought against the United States, or a federal agency, since such claims are plainly barred by the doctrine of sovereign immunity.

These principles defining proper parties in Bivens and FTCA actions control here and compel dismissal of some of the claims currently lodged in this case. Since the plaintiff's complaint makes it unmistakably clear that the plaintiff is currently proceeding, in part, under the FTCA, and there appears to be no question that the individual defendant named in the complaint was acting within the scope of her employment with the Bureau of Prisons at the time of the incidents alleged, the United

States of America is the only proper Defendant with respect to these FTCA claims, and the individual defendant should be dismissed from these FTCA claims.

**2. The Plaintiff May Not Maintain a Bivens Claim Against a Grievance Coordinator Who Played No Role in the Underlying Events Which Led to the Lawsuit**

Moreover, the plaintiff's complaint does not recite facts which would permit a Bivens claim against defendant Fenstermaker, who is not alleged to have played any role whatsoever in this food poisoning incident but simply processed inmate administrative grievances relating to this episode that were submitted by inmates after-the-fact.

These allegations are insufficient to state a Bivens claim against this individual defendant. At the outset, it is clear that a claim of a constitutional deprivation cannot be premised merely on the fact that the named defendant was a prison official when the incidents set forth in the complaint occurred. Quite the contrary, to state a constitutional tort claim the plaintiff must show that the defendant actively deprived him of a right secured by the Constitution. Morse v. Lower Merion School Dist., 132 F.3d 902 (3d Cir. 1997); see also Maine v.Thiboutot, 448 U.S. 1 (1980). Constitutional tort liability is personal in nature and can only follow from personal involvement in the alleged wrongful conduct shown through specific allegations of personal direction or actual knowledge and acquiescence in an unconstitutional practice. Robinson v. City of Pittsburgh, 120 F.3d 1286 (3d Cir. 1997).

In particular, with respect to prison officials it is well-established that:

> "A[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of *respondeat superior*. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir.1988).

Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005).

As the Supreme Court has observed:

> Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*. . . . See Monell v. New York City Dept. of Social Servs., 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) (finding no vicarious liability for a municipal "person" under 42 U.S.C. § 1983); see also Dunlop v. Munroe, 7 Cranch 242, 269, 3 L.Ed. 329 (1812) (a federal official's liability "will only result from his own neglect in not properly superintending the discharge" of his subordinates' duties); Robertson v. Sichel, 127 U.S. 507, 515-516, 8 S.Ct. 1286, 3 L.Ed. 203 (1888) ("A public officer or agent is not responsible for the misfeasances or position wrongs, or for the nonfeasances, or negligences, or omissions of duty, of the subagents or servants or other persons properly employed by or under him, in the discharge of his official duties"). Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.

Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).

Applying these benchmarks, courts have frequently held that, in the absence of evidence of knowledge and approval of subordinates' actions, a plaintiff may not maintain an action against a prison official based solely upon the misdeeds of other correctional staff. O'Connell v. Sobina, No. 06-238, 2008 WL 144199, * 21 (W.D. Pa.

Jan. 11, 2008); Neuburger v. Thompson, 305 F. Supp. 2d 521, 535 (W. D. Pa. 2004). Rather, "[p]ersonal involvement must be alleged *and is only present where the [official] directed the actions of supervisees or actually knew of the actions and acquiesced in them*. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir.1988)." Jetter v. Beard, 183 F.Appx. 178, 181 (3d Cir. 2006)(emphasis added).

Here, the plaintiff does not allege that Fenstermaker directed the conduct complained of by the plaintiff, or had knowledge of that conduct and acquiesced in it. In fact, beyond naming Fenstermaker in the caption of the complaint, this pleading contains no factual allegations regarding this particular defendant. To the extent that the complaint premises the liability of this particular defendant upon the assertion that she had some oversight responsibility for processing prisoner grievances filed after-the-fact, without setting forth any further factual basis for a claim against her in the body of this pleading, this cursory style of pleading is plainly inadequate to state a claim against a prison official and compels dismissal of this defendant. Hudson v. City of McKeesport, 241 F. App'x 519 (3d Cir. 2007) (affirming dismissal of defendant who was only named in caption of case.)

Nor can an inmate sustain constitutional claims against prison officials based solely upon assertions that officials failed to adequately investigate or respond to his past grievances. Inmates do not have a constitutional right to a prison grievance system. See Jones, 433 U.S. at 137-138; Speight v. Sims, No. 08-2038, 283 F. App'x

880, 2008 WL 2600723 at *1 (3d Cir. June 30, 2008) (citing Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) ("[T]he existence of a prison grievance procedure confers no liberty interest on a prisoner."). Consequently, dissatisfaction with a response to an inmate's grievances does not support a constitutional claim. See also Alexander v. Gennarini, 144 F. App'x 924 (3d Cir. 2005) (involvement in post-incident grievance process not a basis for § 1983 liability); Pryor-El v. Kelly, 892 F. Supp. 261, 275 (D. D.C. 1995) (because prison grievance procedure does not confer any substantive constitutional rights upon prison inmates, the prison officials' failure to comply with grievance procedure is not actionable). See also Cole v. Sobina, No. 04-99J, 2007 WL 4460617, at *5 (W.D. Pa. Dec. 19, 2007) ("[M]ere concurrence in a prison administrative appeal process does not implicate a constitutional concern."). As the United States Court of Appeals for the Third Circuit recently observed when disposing of a similar claim by another inmate:

> Several named defendants, . . . , were named only for their supervisory roles in the prison system. The District Court properly dismissed these defendants and any additional defendants who were sued based on their failure to take corrective action when grievances or investigations were referred to them. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir.1988) (defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior* ); see also Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir.1996) (state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause)

Pressley v. Beard, 266 F. App'x 216, 218 (3d Cir. 2008).

Indeed, as to such claims, the United States Court of Appeals for the Third Circuit has recently held that summary dismissal is appropriate "because there is no apparent obligation for prison officials to investigate prison grievances. See Inmates of Attica Corr. Facility v. Rockefeller, 477 F.2d 375, 382 (2d Cir.1973)." Paluch v. Sec'y Pennsylvania Dept. Corr., 442 F. App'x 690, 695 (3d Cir. 2011). In this case fairly construed the claims against defendant Fenstermaker consist of little more than assertions of *respondeat superior* liability, coupled with dissatisfaction with her processing of this inmate's past grievances, assertions which as a matter of law do not suffice to state a constitutional tort claim. Therefore, this individual defendant is entitled to be dismissed from this case.

In sum, while the complaint states a colorable Federal Tort Claims Act claim against the United States, it states no viable claims against the individual defendant named in this action. Therefore, it is recommended that the complaint be dismissed as to the individual defendant, but served as to the United States.[1]

---

[1]Having conducted this screening analysis and determined that this complaint is wanting as to the individual defendant, we recognize that in civil rights cases *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety, See Fletcher-Hardee Corp. v. Pote Concrete Contractors, 482 F.3d 247, 253 (3d Cir. 2007), unless granting further leave to amend would be futile or result in undue delay. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). In this case, however, the complaint fails to state a viable civil rights cause of action against the individual defendant, and the factual and legal grounds proffered in support of the amended complaint make it clear that he has no right to relief. Therefore, granting further leave to amend would be futile or result in undue delay. Alston v. Parker, 363 F.3d 229, 235 (3d

## III. Recommendation

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the Plaintiff's motion for leave to proceed *in forma pauperis* be GRANTED (Doc. 2), and the plaintiff's complaint be dismissed as to the individual defendant, but served as to the United States.

The Plaintiff is further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

---

Cir. 2004). Accordingly, it is recommended that the complaint be dismissed as to defendant Fenstermaker without further leave to amend.

Submitted this 30th  day of November, 2012.

                                                ***S/Martin C.  Carlson***
                                                Martin C. Carlson
                                                United States Magistrate Judge